AO 109 (Rev. 11/13) Warrant to Seize Property Subject to Forfeiture

# United States District Court
for the
District of Arizona

| | | |
|---|---|---|
| In the Matter of the Seizure of:<br>*(Briefly describe the property to be seized)*<br><br>$55,000.00 United States Currency | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.<br><br>22-012MB |

## WARRANT TO SEIZE PROPERTY SUBJECT TO FORFEITURE

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests that certain property located in the District of Arizona be seized as being subject to forfeiture to the United States of America. The property is described as follows:

$55,000.00 United States Currency.

I find that the affidavit(s) and any recorded testimony establish probable cause to seize the property.

**YOU ARE COMMANDED** to execute this warrant and seize the property on or before January 19, 2022
*(not to exceed 14 days)*

❑ in the daytime - 6:00 a.m. to 10:00 p.m.     ❑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must also give a copy of the warrant and receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave a copy and receipt at the place where the property was taken.

An officer present during the execution of the warrant must prepare, as required by law, an inventory of any property seized and the officer executing the warrant must promptly return this warrant and a copy of the inventory to United States Magistrate Judge <u>Michelle H. Burns</u>.

N/A ❑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be search or seized *(check the appropriate box)*

❑ for ___ days *(not to exceed 30)*. ❑ until, the facts justifying, the later specific date of _____.

Date and time issued: <u>January 5, 2022 @ 1 pm</u>         <u>/s/ Michelle Burns</u>
                                                                                                            *Judge's signature*

City and State:  <u>Phoenix, AZ</u>         <u>Hon. Michelle H. Burns, U.S. Magistrate Judge</u>
                                                                                           *Printed name and title*

AO 109 (Rev. 11/13)  Warrant to Seize Property Subject to Forfeiture (Page 2)

| | Return | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of: | | |
| Inventory of the property taken: | | |

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

AO 108 (Rev. 06/09) Application for a Warrant to Seize Personal Property Subject to Forfeiture

# United States District Court
## for the
### District of Arizona

| | | |
|---|---|---|
| In the Matter of the Seizure of:<br>*(Briefly describe the property to be seized)*<br><br>$55,000.00 United States Currency. | ) ) ) ) ) ) ) ) ) | Case No.<br><br>22-012 MB |

## APPLICATION FOR A WARRANT
## TO SEIZE PROPERTY SUBJECT TO FORFEITURE

I, a federal law enforcement officer or attorney for the government, request a seizure warrant and state under penalty of perjury that I have reason to believe that the $55,000 U.S.C. (a) is property constituting, or derived from, any proceeds obtained, directly or indirectly, from a violation of a drug trafficking offense, including 21 U.S.C. § 841, is proceeds traceable to money exchanged for a controlled substance in violation of a drug trafficking offense, and is property, real or personal, involved in a transaction or attempted transaction in violation of a money laundering offense, including 18 U.S.C. §§ 1956 and 1957; (b) is subject to seizure pursuant to 18 U.S.C. §§ 981(b) and 982(b)(1), and 21 U.S.C. §§ 853(e), (f) and 881(b); and (c) is subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C) and 982(a)(1), 21 U.S.C. §§ 853(a) and 881(a), and 28 U.S.C. § 2461. *(describe the property):*

$55,000.00 United States Currency.

The application is based on these facts:

See the Affidavit of Joshua Boyer, Special Agent (SA), United States Drug Enforcement Administration.

❏ Continued on the attached sheet.

*Applicant's signature*

Joshua Boyer, SA, Affiant
*Printed name and title*

MARK WENKER
Digitally signed by MARK WENKER
Date: 2022.01.05 10:38:43 -07'00'

Approved by AUSA Mark J. Wenker

Sworn telephonically.
Date: January 5, 2022

*Judge's signature*

City and State: Phoenix, Arizona

Hon. Michelle H. Burns, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEIZURE WARRANT

Special Agent (SA) Joshua Boyer (Affiant), Drug Enforcement Administration (DEA), having been duly sworn, deposes and states the following:

## I. INTRODUCTION

1. I, Joshua Boyer, am a Special Agent of the U.S. Drug Enforcement Administration and have been employed in that position since August of 2010. I am currently assigned to the West Valley Drug Task Force in Glendale, AZ. My duties are to investigate violations of 21 U.S.C. § 841, et seq., and other federal and state law violations. I am also cross-deputized as a peace officer in the state of Arizona through the Maricopa County Sheriff's Office. Prior to becoming a Special Agent with the DEA, I was employed for five years as a police officer with the City of Scottsdale, within the State of Arizona. I received narcotics training at the Maricopa County Law Enforcement Training Academy as well as miscellaneous other narcotics related trainings during my tenure with the City of Scottsdale.

2. I have received formal training in drug investigations and the enforcement of federal drug laws from the DEA at the FBI Academy in Quantico, Virginia. I have learned about the illegal drug trade from continual training, other law enforcement officers, informants, defendants, prosecutors, and numerous drug investigations I have conducted or assisted.

3. I have conducted numerous narcotics investigations as the case agent and I have also participated in narcotics investigations as a surveillance agent and in an undercover capacity. I have monitored and debriefed confidential sources, sources of information, and interviewed persons charged with and convicted of felony narcotics and other felony offenses.

I frequently subpoena and review documentary evidence including, periodically, financial records. Since January of 2011, I have participated in several Title III wiretap investigations by serving as a case agent, wire room supervisor, serving as surveillance team leader, conducting surveillance, and assisting with the execution of search warrants and the seizure of evidence and assets. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

## II. PURPOSE OF THIS AFFIDAVIT

4. This affidavit is submitted in support of an application for a seizure warrant to seize the following:

**$55,000.00 United States Currency**

I submit there is probable cause to believe that the $55,000 U.S.C. (a) is property constituting, or derived from, any proceeds obtained, directly or indirectly, from a violation of a drug trafficking offense, including 21 U.S.C. § 841, is proceeds traceable to money exchanged for a controlled substance in violation of a drug trafficking offense, and is property, real or personal, involved in a transaction or attempted transaction in violation of a money laundering offense, including 18 U.S.C. §§ 1956 and 1957; (b) is subject to seizure pursuant to 18 U.S.C. §§ 981(b) and 982(b)(1), and 21 U.S.C. §§ 853(e), (f) and 881(b); and (c) is subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C) and 982(a)(1), 21 U.S.C. §§ 853(a) and 881(a), and 28 U.S.C. § 2461.

5. The $55,000 U.S.C. currently is in the physical custody of the United States Marshals Service (USMS) after being transferred to them by DEA; however because the Gila River Police Department took initial possession of it during the traffic stop, a federal seizure

warrant is needed so the seized currency can be officially transferred into federal custody and it can then be forfeited according to federal law.

### III. BACKGROUND AND INVESTIGATION

6. On September 23, 2021, investigators with the DEA West Valley Task Force observed Edgar Morales-URIARTE meet with a known drug trafficker and receive bulk currency that URIARTE was tasked with transporting to Mexico. On this same date, DEA coordinated a traffic stop on URIARTE and discovered $51,000 in bulk U.S. Currency in his possession which he denied owning. Following this incident, DEA investigators obtained authorization via a State of Arizona warrant to affix a GPS tracking device to URIARTE's white Chevrolet Tahoe.

7. On September 30, 2021, investigators received notification from the GPS tracking device on URIARTE's Tahoe that was traveling northbound towards Phoenix from the area of San Luis, AZ. Subsequently, the Tahoe arrived at Lins Grand Buffet located at 7406 W. McDowell Rd, Phoenix, AZ. Investigators were able to establish physical surveillance on the Tahoe after it arrived at this location.

8. Investigators ultimately observed URIATE, the registered owner of the vehicle, URIARTE, exit the restaurant and enter the Tahoe. He then drove to another area of the parking lot and parked again. At this time another vehicle, a white Ford Expedition, pulled alongside of the Tahoe. URIARTE rolled down his front passenger window, and the driver of the Expedition rolled down the driver window, and they appeared to briefly converse. Then, the driver of the Expedition, an unidentified Hispanic male, exited his vehicle with a white

3

plastic grocery style bag in hand. The male walked over to the front passenger window of URIARTE's Tahoe and placed the bag inside his vehicle. The male then walked back to the Expedition and immediately departed from the area. I know based on training and experience that drug traffickers often meet in parking lots and exchange illicit drugs or bulk currency in bags or other like items to conceal what they are. Furthermore, I know that these interactions are often very quick as to not draw unwanted attention from people in the area to include law enforcement.

9. Investigators then observed URIARTE exit his vehicle and walk to the passenger side, remove the bag, open the rear passenger door, and wrap the bag with what appeared to be a yellow-colored towel and place it somewhere in the rear seat of the Tahoe. URIARTE then went back inside the restaurant. Based on my training and experience, I believe URIARTE was making further efforts to conceal the bag he had received and hide it in an area of the Tahoe that would not be easy to see from the outside.

10. A short while later, investigators observed URIARTE and another Hispanic male (later identified as Omar Morales), exit Lins Grand Buffet and both enter the Tahoe with Morales as the driver and URIARTE as the front passenger. They departed from the restaurant and began traveling westbound on the I-10 freeway, and then south on MC85 towards Gila Bend. Surveillance units continued to follow the Tahoe and observed it stop at the Love's Truck Stop at 820 W. Pima St., Gila Bend, AZ. Both Morales and URIARTE exited the Tahoe and went into the Love's store for a short period, and then came out and filled the Tahoe with gas. They then departed the Truck Stop southbound, and ultimately merged on to the I-8 freeway.

11.  Surveillance units then requested the assistance of Gila River Police Department to make a traffic stop on URIARTE. Gila River Police K-9 Officer J. Lopez #1447 conducted a traffic stop on URIARTE on the I-8 westbound at mile marker 109. During the traffic stop URIARTE advised Officer Lopez that he had U.S. Currency in his vehicle which did not belong to him nor Morales. URIARTE gave Officer Lopez the U.S. Currency which was wrapped in clear plastic wrap with the number "55,000" written on it. I know based on my training and experience that drug trafficking organizations regularly package bulk currency derived from drug proceeds in plastic wrap. Both Morales and URIARTE signed a voluntary disclaimer of interest and ownership for the U.S Currency.

12. Morales and URIARTE were subsequently released from the traffic stop. DEA investigators arrived at the stop immediately following the release of Morales and URIARTE and took possession of the U.S. Currency, which was counted and determined to be exactly $55,000.

///

## IV. CONCLUSION

13. Based upon the above, I believe there is probable cause to believe that the $55,000 U.S.C. (a) is property constituting, or derived from, any proceeds obtained, directly or indirectly, from a violation of a drug trafficking offense, including 21 U.S.C. § 841, is proceeds traceable to money exchanged for a controlled substance in violation of a drug trafficking offense, and is property, real or personal, involved in a transaction or attempted transaction in violation of a money laundering offense, including 18 U.S.C. §§ 1956 and 1957; (b) is subject to seizure pursuant to 18 U.S.C. §§ 981(b) and 982(b)(1), and 21 U.S.C. §§ 853(e), (f) and 881(b); and (c) is subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C) and 982(a)(1), 21 U.S.C. §§ 853(a) and 881(a), and 28 U.S.C. § 2461.

_____
Joshua Boyer
Special Agent
Drug Enforcement Administration
Phoenix, Arizona

Subscribed and sworn to before me and signed telephonically this __5__ day of January, 2022.

_____
Hon. Michelle H. Burns
United States Magistrate Judge